UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cr-00062-MTS |
| ) | |
| TANARIUS TWIGGS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

The Court has conducted a de novo review of the entire record and will: 1) overrule Defendant Tanarius D. Twiggs' objections, and 2) incorporate and adopt United States Magistrate Judge Abbie Crites-Leoni's Report and Recommendation.

**I.    Background**

A grand jury charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. [2]. Additionally, Defendant was charged with having been convicted of at least three felony offenses that were either violent felonies or felony drug offenses, each committed on different occasions. *Id.*

Pending before the Court is Defendant's Motion to Dismiss for Speedy Trial Act Violation. Doc. [107]. The Court referred Defendant's Motion to Judge Abbie Crites-Leoni. *See* 28 U.S.C § 636(b). Neither party requested a hearing on the Motion. Judge Crites-Leoni issued a Report and Recommendation, Doc. [111], recommending denial of the Motion. Defendant filed Objections to the Report and Recommendation, Doc. [117], and the United States filed a Response, Doc. [118]. The matter is now ripe for ruling.

1

## II. Standard

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (*citing* 28 U.S.C. § 636(b)(1)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.").

## III. Discussion

### a. Findings of Fact

After a complete review of the record, the Court finds that Judge Crites-Leoni thoroughly set forth the relevant facts in the Report and Recommendation. Therefore, the Court adopts and incorporates Judge Crites-Leoni's factual findings in the Report and Recommendation and will not repeat them here.

### b. Motion to Dismiss for Speedy Trial Act Violation

Defendant objects to Judge Abbie Crites-Leoni's Report and Recommendation denying Defendant's Motion to Dismiss based upon alleged violations of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174. Doc. [117].

"The Speedy Trial Act requires that a defendant be brought to trial within 70 days from the date of indictment or from the date he makes his first appearance before an officer of the court in which the charge is pending, whichever is later." *United States v. Shepard*, 462 F.3d 847, 863

2

(8th Cir. 2006), *cert. denied*, 549 U.S. 1099, (2006), *citing* 18 U.S.C. § 3161(c)(1). Notably, the Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to—delay resulting from any pretrial motion from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." 18 U.S.C. § 3161(h)(1)(D). Here, Defendant claims 204 days accumulated due to his previous attorney filing seven separate motions for extensions of time to file pretrial motions.[1] Defendant claims the extensions were requested without his "consent nor knowledge" at a time when he was detained and "unable to effectively communicate with his atty." Doc. [107] at 2.

Pretrial extension of time requests fit squarely within the pretrial motions exception. Defendant requested appointment of a new attorney claiming his attorney had "not made an effort" to review discovery with him or assist in his case. Doc. [32]. However, at a hearing on February 1, 2023, Defendant's previous attorney asserted that communications had been maintained with Defendant and that she spoke to the Defendant regarding the complexities of the case at hand. *See* Doc. [111] at 5-6. Further discussion at the hearing supported Defendant's former counsel's assertion that there had been communication with Defendant, and they had actively worked to negotiate the best outcome in the matter with the Government's attorney.

The Government relies on *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012), and the Report and Recommendation found that the reasoning applied in *Herbst* provided a sound basis for this Court to review Defendant's contentions.[2] Doc. [111] at 7. In *Herbst*, the Eighth Circuit determined the Speedy Trial Act "does not require a defendant's consent to [a] continuance 'if the

---

[1] Twiggs was represented by two other attorneys prior to current counsel. The first was from the Federal Public Defender's Office and the second was a member of the Criminal Justice Act Panel. This Motion pertains to extension requests made by the first attorney.

[2] Herbst opposed his counsel's motion for a continuance. *Id*. The Eighth Circuit agreed with the Sixth Circuit that the plain writing of section 3161(h)(7)(A) does not require a defendant to consent to a continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* (quoting *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009)). The Eighth Circuit found that Herbst's opposition to the request for a continuance made by his counsel did not prevent exclusion of the accumulated time from the speedy trial clock. *Id.*

3

judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id.*

Furthermore, the Eighth Circuit has declined "to adopt a new rule giving preference to the defendant's assertion of his speedy trial rights over the wishes of his attorney and the court…." *United States v. Fogg*, 922 F.3d 389, 392 (8th Cir. 2019). In *Fogg*, the Eighth Circuit held that adopting such a rule "would be contrary to the plain text of § 3161(h)(7)(A) and prior decisions of this court." *Id.* (citations omitted.) *See also United States v. Dunn*, 723 F.3d 919, 928 (8th Cir. 2013) (holding that Defendant's consent was not required to exclude delay caused by defense counsel's requests for continuance.).

Here, each extension motion filed by Defendant's previous counsel was granted based on two considerations, each of which were expressed in all of the Orders.[3] In each, the Court found counsel needed the time requested to: 1) "complete effective investigation and to determine whether pretrial motions need to be filed, taking into account the exercise of due diligence"; and 2) "that the ends of justice served by granting [Twiggs'] request[s] for additional time outweigh the best interest of the public and [Twiggs] in a speedy trial." Lastly, the Court ordered "that the time granted to Defendant for further review of discovery and investigation, as well as for preparation of pretrial motions, or a waiver thereof, is excluded from computation of Defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A)."

The Court agrees with the Report and Recommendation that Defendant's Speedy Trial rights have not been violated. Each of the seven extension requests were granted based on the need for counsel to complete a review of the discovery and to review it with Defendant, as well as to determine how Defendant's prior convictions would be assessed under the applicable law. Those

---

[2] *See* Docs. [19], [21], [23], [25], [27], [29], and [31].

4

tasks were necessary for counsel to assist Defendant in making an informed decision about whether to file pretrial motions. Ultimately, based on the law and facts in this matter, Defendant was bound by his attorney's decision to request the extensions, and his personal consent was not required, and the extensions were in his best interest. As such, the Court adopts the Report and Recommendation's conclusion that Defendant's Motion to Dismiss for Speedy Trial Act Violation be denied.

### IV. Conclusion

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Crites Leoni, Doc. [111], is **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation, Doc. [117], are **OVERRULED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Dismiss for Speedy Trial Act Violation, Doc. [107], is **DENIED**.

Dated this 19th day of September, 2024

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE